

IN THE UNITED STATES DISTRICT COURT
for the Eastern District of Virginia
(Norfolk Division)

| | |
|---|---|
| SPLIETHOFF TRANSPORT B.V.<br>Radarweg 36<br>1042 AA Amsterdam<br>The Netherlands<br><br>and<br><br>C.V. SCHEEPVAARTONDERNEMNING<br>DANZIGERGRACHT<br>Radarweg 36<br>1042 AA Amsterdam<br>The Netherlands,<br><br>           Plaintiffs,<br>v.<br><br>CERES MARINE TERMINALS, INC.<br>565 Marriott Drive, 4th Floor<br>Nashville, TN 37214<br><br>and<br><br>J. HENRY HOLLAND CORP.<br>5931 Thurston Avenue<br>Airport Industrial Park<br>Virginia Beach, VA 23471,<br><br>           Defendants. | CIVIL ACTION NO. 2:15cv251<br><br>Jury Demanded As To All Issues |

## COMPLAINT

Plaintiffs Spliethoff Transport BV and C.V. Scheepvaartondernemning (collectively "Plaintiffs" or "Spliethoff"), by and through their undersigned counsel, for their Complaint against the named Defendants herewith allege as follows:

1. Plaintiffs are foreign corporations with their principle places of business in Amsterdam, The Netherlands. At all relevant times, they were the owners and operators of the

1

M/V DANZIGERGRACHT (the "Vessel").

2. Defendant Ceres Marine Terminals, Inc. ("Ceres") is, upon information and belief, a Tennessee corporation with its principle place of business in Nashville, TN. Ceres operates a marine terminal located in the port of Norfolk, VA. Ceres provides stevedoring and related services to vessels calling at its terminals.

3. Defendant J. Henry Holland Corp. ("J. Henry Holland") is a corporation with its principle place of business in Virginia Beach, VA. At all relevant times J. Henry Holland was in the business of manufacturing and selling slings and other equipment for use in lifting and rigging in, *inter alia*, the marine industry.

4. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 as all the parties hereto are of diverse citizenship and the amount in controversy exceeds $75,000. The Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1333 as this action involves claims based upon maritime contracts and maritime torts, thus supporting admiralty and maritime jurisdiction.

5. This action is an admiralty or maritime matter within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

6. Venue is proper in this district because the actions, contract(s) and services at issue took place, were formed and/or were provided by the Defendants within this district at Portsmouth and/or Norfolk, VA.

7. Plaintiffs are the owners and operators of the M/V DANZIGERGRACHT (the "Vessel") which had occasion to call at the terminal in Norfolk, VA operated by Defendant

Ceres on September 17, 2012 for the purpose of loading a cargo of railroad locomotives and associated equipment.

8. During the course of that port call, Defendant Ceres provided expert services to the Vessel and the Plaintiffs to assist in the loading of the locomotives, and sold to the Plaintiffs and the vessel a set of four (4) "endless twin path slings" for use in lifting the locomotives on and off of the vessel.

9. The slings sold by Ceres to Plaintiffs were manufactured and sold by J. Henry Holland.

10. Defendant Ceres had an opportunity to examine the locomotives and the lifting point arrangements that would have to be used with the slings in order to lift the locomotives on and off the vessel. Ceres knew that the slings would need to be utilized both in loading each of the locomotives at its terminal that were to be carried aboard the vessel and in off-loading the said locomotives at the port of destination in Gabon, West Africa.

11. In spite of due diligence efforts made by the crew of the vessel and the off-loading stevedores to eliminate or minimize the risk of using the slings during the lifting process, one or more of the slings broke while one of the locomotives was being removed from the vessel at Gabon on or about October 5, 2012.

12. As a result of the breakage of the slings, the locomotive was caused to drop to the dock at Gabon, resulting in severe damage to the locomotive.

13. The locomotive in question was owned and being shipped for Electro-Motive Diesel, Inc. ("EMD").

3

14. As a result of the damage sustained by the locomotive, EMD has asserted a claim in an arbitration proceeding against the Plaintiffs in London, United Kingdom. The amount of the claim being asserted is $2,849,882.68 plus interest and costs, inclusive of attorneys' fees.

15. Plaintiffs have previously demanded, in writing, that the Defendants assume the defense of the arbitration and indemnify Plaintiffs for the result thereof. The Defendants have either specifically refused or ignored the Plaintiffs' "vouching in" demands.

16. The Plaintiffs have been forced to defend and engage in the arbitration proceedings in London and have incurred costs and will likely incur costs and/or have to pay a settlement or award in future.

## COUNT ONE

## PLAINTIFFS v. CERES

17. The allegations of paragraphs 1 through 16 are incorporated as if set forth herein in full.

18. Ceres agreed and committed to provide expert services and advice regarding the appropriate type and kind of slings to utilize, and advice/assistance regarding the rigging of the slings for the loading and unloading of the locomotives from the Vessel. Ceres failed to exercise due care with respect to the provision of such advice, service and assistance. As a result, Defendant Ceres was negligent and has breached the warranty of workman-like performance owed to the Plaintiffs under the U.S. general maritime law.

19. As a result of said breach of warranty and negligence, Ceres is liable to Plaintiffs for contribution and/or indemnification for any and all costs and expenses, including any award

or settlement, which results from the pending arbitration proceeding.

20. As a seller of the slings above described, Ceres warranted that they would be suitable for a particular purpose, to wit, the lifting of the locomotives that were to be shipped and carried aboard the vessel. The slings were not suitable for that purpose and the warranty was thus breached by Ceres.

21. As a result of said breach, Ceres is liable to the Plaintiffs for full indemnity, inclusive of attorneys' fees for all amounts expended by the Plaintiffs in defending, settling and/or satisfying any award in the above-referenced arbitration with EMD.

22. As a seller of the slings, Ceres is strictly liable under §402(A) of the Restatement (2nd) of Torts to the extent that the slings were defectively designed or manufactured or for failure to warn of the risks involved.

## COUNT TWO

## PLAINTIFFS v. J. HENRY HOLLAND

23. The allegations of paragraphs 1 through 22 are incorporated as if set forth herein.

24. As manufacturer and seller of the slings at issue, J. Henry Holland warranted that they would be suitable for their intended purpose.

25. Upon information and belief, the slings were defectively designed and/or manufactured by J. Henry Holland.

26. The slings were not accompanied by any warning as to the manner in which they were to be safely used.

5

140152.00601/100477899v.2

27.     Upon information and belief, the slings were negligently manufactured.

28.     As a result of the breach of warranty, product defect, lack of warning and/or negligent manufacture on the part of J. Henry Holland, the locomotive owned by EMD was dropped and damaged and Plaintiffs have been or will be forced to incur costs to defend the arbitration and may be forced to reimburse EMD for the damage to the locomotive. J. Henry Holland is liable in negligence, for breach of warranty and for manufacturing and selling a defective product under Section 402(A) under Restatement (2nd) of Torts, as incorporated in the law of Virginia and the general maritime law.

WHEREFORE, the Plaintiffs are entitled to entry of judgment in their favor and against the Defendants in an amount in excess of $75,000. Plaintiffs demand entry of judgment against said Defendants, jointly and severally, for all amounts proven to be owed, inclusive of costs and attorney's fees.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES**

Dated: June 5, 2015                                  BLANK ROME LLP

/s/ Adrien C. Pickard
Adrien C. Pickard (VSB # 65833)
apickard@blankrome.com
BLANK ROME LLP
600 New Hampshire Ave, N.W.
Washington, D.C. 20037
(202) 772-5845
(202) 572-1430 (Fax)
*Attorneys for Plaintiffs*
*Spliethoff Transport B.V. and*
*C.V. Scheepvaartondernemning Danzigergracht*

140152.00601/100477899v.2

*Of Counsel:*

Jeffrey S. Moller
moller@blankrome.com
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
(215) 569-5500